United States District Court
Southern District of Texas
**ENTERED**
December 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-16-259-1 |
| v. | § | |
| | § | CIVIL ACTION NO. H-23-2194 |
| JOHN P. RAMIREZ | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is petitioner John P. Ramirez's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Docket Entry No. 146.)[1] The Government filed a motion to dismiss predicated on expiration of limitations (Docket Entry No. 169), to which petitioner filed a response (Docket Entry No. 175).

Having considered the motions, the response, the record, matters of public record, and the applicable law, the Court **GRANTS** the Government's motion to dismiss and **DISMISSES** petitioner's § 2255 motion as barred by limitations.

### I. BACKGROUND AND CLAIMS

Petitioner pleaded guilty to making false statements relating to health care matters in violation of 18 U.S.C. § 1035, and the Court sentenced him to a 48-month term of incarceration on March 10, 2022. Judgment of conviction was entered on March 14, 2022. No appeal was taken. The sentence was ordered to run concurrently with the 300-month

---

[1] All docket entries refer to the docket in petitioner's criminal case.

sentence imposed against petitioner in his related heath care fraud case in C.A. No. 4:16-cr-258-1 (S.D. Tex.). (Docket Entry No. 138, p. 2.)

Petitioner claims in his pending motion that trial counsel was ineffective in coercing him to plead guilty without fully investigating the facts, resulting in an involuntary guilty plea.

The Government moves to dismiss petitioner's § 2255 motion as barred by the applicable one-year statute of limitations. Petitioner counters that his motion is timely because (1) the Clerk of Court granted him a 90-day extension in a telephone call with petitioner's daughter or otherwise mislead petitioner as to the deadline for his motion; (2) his actual innocence surmounts any limitations bar; (3) trial counsel failed to file a notice of appeal, which would have given him an additional 90 days to file his motion; and (4) he filed the § 2255 motion before his motions for an extension of time were dismissed by the Court.

## II. LEGAL STANDARDS

A. Section 2255

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). A § 2255 motion may be raised for the following reasons: (1) the sentence was imposed in violation of the Constitution, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum sentence, or (4) the sentence is otherwise subject to collateral attack. *Id.* "Relief

under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

B.     Limitations

Motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 are governed by the one-year statute of limitations found in 28 U.S.C. § 2255(f). Under that provision, the one-year limitation runs from the latest of

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### III. ANALYSIS

Petitioner's judgment of conviction was entered on March 14, 2022. No appeal was taken, and the judgment became final for purposes of § 2255(f)(1) fourteen days later on

March 28, 2022. Limitations expired one year thereafter, on March 28, 2023. Petitioner did not file the pending § 2255 motion until June 7, 2023, after expiration of limitations.

The Government seeks dismissal of the § 2255 motion as barred by limitations. Petitioner proffers the following four meritless grounds for holding his motion timely filed.

A.   Third-Party Telephonic Extension

Petitioner claims that his daughter spoke with "the Clerk of Court" by telephone on an unspecified date and that the unidentified person granted him a 90-day extension to file the pending § 2255 motion.[2] He states that his daughter "called the court multiple times between February and June of 2023 and got the approval of the clerk." (Docket Entry No. 175, p. 5.) No other information or details are provided.

Petitioner's claim that his daughter was given a telephonic extension by an unidentified person on an unspecified date is conclusory and unsupported in the record. Nothing in the Court's docket or the record indicates that petitioner was given a telephonic 90-day extension to file his § 2255 motion or that the Clerk of Court mislead petitioner as to his deadline. Although petitioner stated in his response filed on November 27, 2023 that his daughter would be providing an affidavit attesting to the facts at some future point, over two years have passed and no affidavit has been filed.

---

[2] Petitioner is unclear whether his daughter was granted a 90-day extension or whether she was told petitioner "had another 90 days from the March deadline." (Docket Entry No. 175, p. 5.)

4

Petitioner's conclusory claim provides no meritorious grounds for denying the Government's motion to dismiss. In the alternative, petitioner's claim is unsupported in the record and affords him no basis for holding his § 2255 motion timely filed.

B.   Actual Innocence

Petitioner next claims that he is actually innocent of his convictions and that pursuant to *McQuiggin v. Perkins*, 569 U.S. 383 (2013), his actual innocence surmounts the Government's limitations defense.

In *McQuiggin*, the Supreme Court of the United States held that "a convincing showing of actual innocence" could enable a petitioner to evade the habeas limitations bar. *Id.* at 386. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [even if] the impediment is . . . expiration of the statute of limitations." *Id.*

To meet the actual innocence exception, a petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). A claim of actual innocence requires a petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Examples of "new reliable evidence" are "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id.*

The Fifth Circuit has held that "evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if it was always within the reach of petitioner's personal knowledge or reasonable investigation." *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (cleaned up); *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (holding that information in an affidavit was not new given that it was always within the reach of petitioner's personal knowledge). The Fifth Circuit has indicated that this rule applies even where, as here, a petitioner claims that his counsel was ineffective for failing to use the available information. *See Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019).

Petitioner pleaded guilty to making false statements relating to health care matters in violation of 18 U.S.C. § 1035. The elements of the offense were (1) that petitioner falsified, concealed, or covered up a material fact by trick, scheme, or device, or made a materially false, fictitious, or fraudulent statement or representation, or made or used any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; (2) that petitioner did so in connection with the delivery of or payment for health care benefits, items, or service involving a health care benefits program; and (3) that petitioner did so knowingly and willfully. (Docket Entry No. 160, p. 14.) *See* 18 U.S.C. § 1035(a).

In his written plea agreement, petitioner acknowledged that:

(1)  On or about July 23, 2013 he used a materially false written document for beneficiary J.W. stating that he had seen J.W. for a home visit and that J.W. was in need of home health care. In reality, he never saw J.W. and *J.W. did not qualify for home health care.*

6

  (2) From in or around December 2012 to in or around August 2015, he and his co-conspirators submitted and caused the submission of approximately $1.8 million in false and fraudulent Part-B claims to Medicare for *services that were not medically necessary, not provided or both* on behalf of beneficiaries for whom he was listed as the purported providing physician. Medicare paid his affiliated medical clinic approximately $1.1 million on these false and fraudulent claims.

  (3) From in or around December 2012 to in or around August 2015, his co-conspirators submitted and caused to be submitted to Medicare *false and fraudulent claims for home-health services* where he was listed as the purported attending physician. Medicare paid approximately $15.1 million on these claims.

(Docket Entry No. 122, p. 8, emphasis added.) Petitioner further agreed in open court on the record at his guilty plea hearing that these factual statements were true and correct. (Docket Entry No. 160, pp. 16–19.)

Petitioner alleges that he is actually innocent of his convicted offenses based on his "alibi" that he did not work at the clinic for six months between June and December 2013 and someone forged his signatures on plans-of-care for three relevant patients. He further claims actual innocence based on "legal error" because the Government and his trial attorney were under a "misapprehension" of the applicable Medicare regulations. According to petitioner, a referring doctor such as himself is not required to meet or see the patient in order to certify or sign a plan-of-care.

Petitioner's purported "alibi" and "legal error" arguments fall well short of establishing his actual innocence. That petitioner did, or did not, work at the clinic between June and December 2013 is not new reliable evidence, as petitioner had knowledge of this

7

information at the time he pleaded guilty. (Docket Entry No. 175, p. 2.) Even so, it does not establish his actual innocence, as the criminal activities to which he pleaded guilty spanned a time frame from December 2012 to August 2015. Moreover, his self-serving assertion that his signature was forged on three patient plans-of-care is unsupported by any exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, and no new reliable evidence is presented. Even so, petitioner's allegations show that he was aware of these purported forgeries at the time he pleaded guilty. *Id.*

Petitioner's assertion that the Government and his trial attorney misapprehended applicable Medicare regulations as to his signing off on plans-of-care likewise provides him no basis for relief. As shown by his written plea and sentencing affirmations, petitioner's actions were not limited to signing off on plans-of-care for beneficiaries he did not see. Rather, he signed off on plans-of-care for beneficiaries who did not qualify for home health care, submitted claims for services that were not medically necessary or were not provided, and submitted otherwise false and fraudulent claims for home health services. Moreover, their purported misunderstanding of certain Medicare regulations does not constitute new reliable evidence, as his argument is based on his own personal interpretation of the regulations and their application to the facts of his case.[3] Even so, it is clear petitioner was

---

[3] Petitioner raised this same "misapprehension" argument in his related health care fraud prosecution in C.A. No. 16-cr-258-1 (S.D. Tex.). The jury found him guilty. The convictions were affirmed on appeal. *United States v. Ramirez*, 979 F.3d 276 (5th Cir. 2020). Petitioner complains here in his response that the Fifth Circuit affirmed his convictions because it, too, misapprehended the Medicare regulations. (Docket Entry No. 175, p. 3.)

8

aware of the alleged misapprehensions at the time he entered his guilty plea. (Docket Entry No. 175, pp. 1–2.)

Because petitioner fails to present new reliable evidence of his actual innocence, he fails to show that in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Petitioner has not established that he is actually innocent of the criminal offenses to which he pleaded guilty, and his § 2255 claims of ineffective assistance of counsel remain barred by limitations.

Petitioner establishes no grounds for denying the Government's motion to dismiss.

C.    Motions for Extensions of Time

Petitioner states, and the docket shows, that he filed motions for an extension of time to file a § 2255 motion on February 24, 2023, March 28, 2023, and May 26, 2023. (Docket Entries No. 140, 142, 143.) Petitioner filed a fourth motion for an extension of time on June 5, 2023.[4] The latter three motions were filed after expiration of the one-year limitation.

The first three motions were dismissed for lack of jurisdiction on June 7, 2023, pursuant to *United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (per curiam) ("The district court lacked jurisdiction to entertain [the] motion for an extension of time to file a § 2255 motion."). As the Court explained, no § 2255 motion was on file at the time the

---

[4] The four motions were not filed pursuant to the mailbox rule. The Court has determined the filing dates by relying on postmarks, where legible, and court filing stamp dates.

motions were filed, the motions themselves could not be construed as § 2255 motions, and a ruling on the motions would constitute an improper advisory opinion.[5]

Petitioner contends that his § 2255 motion "is timely because he filed this petition before his timely 'motion to extend time' was dismissed by this court." (Docket Entry No. 175, p. 6.) Petitioner presents no legal authority supporting his implied argument that the § 2255(f) limitation is extended or equitably tolled by the simple expediency of filing a motion to extend time to file the § 2255 motion. To the contrary, petitioner's argument runs afoul of the Fifth Circuit's instructive guidance in *Bautista* that courts lack jurisdiction to entertain motions for extensions of time to file § 2255 motions.

Petitioner's argument provides no grounds for denying the Government's motion to dismiss.

D.  No Notice of Appeal

Petitioner appears to contend in his final argument that trial counsel's ineffective assistance in failing to file a notice of appeal overrides his untimely filing. Specifically, he argues as follows:

> The district court entered the judgment on March 14, 2022. Had [trial counsel] filed a notice of appeal, [petitioner] would have had 90 more days (time to file a certiorari) and his deadline to file a § 2255 petition would have been June 12, 2023.

(Docket Entry No. 175, p. 9.)

---

[5]The Court denies the fourth motion for the same reasons, *infra*.

10

Even assuming counsel's failure to pursue an appeal were a cognizable basis for surmounting the § 2255(f) limitations bar, petitioner's argument is factually and legally incorrect. A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Clay v. United States*, 537 U.S. 522, 525 (2003). Had trial counsel filed a timely notice of appeal in March 2022, petitioner's § 2255 motion would *not* have been due June 12, 2023. To the contrary, petitioner would not have been able to pursue relief under § 2255 until final disposition of the appeal. And only at that future point would a § 2255 motion deadline be calculable under § 2255(f)(1). *See United States v. Clark*, 816 F.3d 350, 352 (5th Cir. 2016) (observing that collateral attack under § 2255 is premature where direct appeal of defendant's conviction remained pending). The date a hypothetical appeal of petitioner's judgment would have been finalized is a purely speculative matter that provides petitioner no basis for holding his § 2255 motion timely filed.

Petitioner's argument provides no grounds for denying the Government's motion to dismiss.

### IV. MISCELLANEOUS MOTIONS

A. <u>Fourth Motion for an Extension of Time</u>

As noted above, petitioner filed a fourth motion for an extension of time to file his § 2255 motion on June 5, 2023, after expiration of limitations. As grounds, he stated that

11

he had yet to receive his sentencing hearing transcript. He requested that his deadline be extended to August 10, 2023. (Docket Entry No. 144.) Inexplicably, petitioner filed his § 2255 motion two days later on June 7, 2023.

The motion is **DISMISSED FOR LACK OF JURISDICTION**. As the Court explained to petitioner in its order dismissing for lack of jurisdiction his three earlier motions for an extension of time, no § 2255 motion was on file at the time, his motion for an extension cannot itself be construed as a § 2255 motion, and a ruling would constitute an improper advisory opinion. *See Bautista*, 548 F. App'x 254 ("The district court lacked jurisdiction to entertain [the] motion for an extension of time to file a § 2255 motion.").

B.   Motion for an Extension of Time to File a Response

Petitioner's motion for an extension of time to file a response to the Government's motion to dismiss (Docket Entry No. 171) is **GRANTED**. Petitioner's response (Docket Entry No. 175) is **DEEMED TIMELY FILED**.

## V.  CONCLUSION

For the reasons shown above, the Government's motion to dismiss (Docket Entry No. 169) is **GRANTED** and petitioner's motion to vacate, set aside, or correct sentence (Docket Entry No. 146) is **DISMISSED WITH PREJUDICE** as barred by limitations. A certificate of appealability is **DENIED**.

Petitioner's fourth motion for an extension of time to file his § 2255 motion (Docket Entry No. 144) is **DISMISSED FOR LACK OF JURISDICTION**.

Petitioner's motion for an extension of time to file a response to the Government's motion to dismiss (Docket Entry No. 171) is **GRANTED**.

The ancillary civil case in *United States v. Ramirez*, C.A. No. 23-cv-2194 (S.D. Tex.), is **ORDERED ADMINISTRATIVELY CLOSED**.

Signed at Houston, Texas, on    DEC 2 1 2025               .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE